IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS WADE BRAITHWAITE                                    PETITIONER

v.                                    CIVIL ACTION NO. 3:16-cv-196-HSO-JCG

B.E. BLACKMON                                              RESPONDENT

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition of Douglas Wade Braithwaite for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1). B.E. Blackmon, Warden at the Federal Correctional Complex in Yazoo City, Mississippi, filed an Answer (ECF No. 14). Petitioner then filed a Reply (ECF No. 15). Petitioner has also filed a Motion for Evidentiary Hearing (ECF No. 16), to which Respondent filed a Response in Opposition (ECF No. 17). Having considered the submissions of the parties and relevant legal authority, the undersigned recommends that the Motion for Evidentiary Hearing (ECF No. 16) be DENIED and the Petition (ECF No. 1) be DISMISSED because Mr. Braithwaite's disciplinary hearing comported with the requirements of due process and the disciplinary hearing officer's decision was supported by sufficient evidence.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner Douglas Wade Braithwaite is currently incarcerated with the Federal Bureau of Prisons at the Federal Correctional Complex in Yazoo City, Mississippi (FCC Yazoo). His habeas petition challenges his loss of forty-one (41)

days' good-conduct time,[1] which was imposed as a sanction for having been found to have committed the prohibited act of "escape" in violation of Federal Bureau of Prisons Disciplinary Code 102.[2] (ECF No. 1, at 2). Braithwaite argues that this sanction should be overturned because it was imposed without due process and is unsupported by evidence. *See id.* at 10.

Mr. Braithwaite is currently serving an 84-month term of imprisonment for which his scheduled release date is March 7, 2017. He was sentenced on December 1, 2010 in the United States District Court for the Southern District of Alabama after pleading guilty to the crime of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) on September 2, 2010. On August 27, 2015, he was released on furlough from Federal Correctional Institution Miami, Florida (FCI Miami) for transfer to FCC Yazoo. (ECF No. 14, at 2); (ECF No. 14-5). He departed Miami around 10:00am August 27th and was required to arrive at FCC Yazoo no later than 2:00pm on August 28, 2015. (ECF No. 14, at 2); (ECF No. 14-5). Greyhound Bus was to take him to Jackson, Mississippi, and then he was to take a taxi from Jackson to FCC Yazoo. (ECF No. 14, at 2); (ECF No. 14-5).

---

[1] Braithwaite also lost commissary privileges and telephone privileges for ninety (90) days as part of his sanction, but he does not seek redress for these restrictions. *See* (ECF No. 1, at 8).

[2] The list of prohibited acts and available sanctions governing the conduct of inmates incarcerated with the Federal Bureau of Prisons is found at 28 C.F.R. § 541.3. Code 102 prohibits the following acts: "Escape from escort; escape from any secure or non-secure institution, including community confinement; escape from unescorted community program or activity; escape from outside a secure institution." 28 C.F.R. § 541.3(b).

Braithwaite's conditions of furlough provided that he was "authorized to be only in the area of the destination … and at ordinary stopovers or points on a direct route to or from that destination." (ECF No. 14-5, at 2). Furthermore, it warned that if he failed "to remain within the extended limits of this confinement, it shall be deemed as escape from the custody of the Attorney General," and that an inmate who violates the conditions of a furlough is subject to institution disciplinary action, arrest, and criminal prosecution. *Id.* at 2-3.

Braithwaite's itinerary included a layover in Mobile, Alabama, which is his legal residence. (ECF No. 14, at 2). His bus was scheduled to arrive in Mobile at 4:40am on August 28, 2015 and depart again at 7:00am later that morning. *Id.* However, Braithwaite missed the 7:00am bus and rescheduled his ticket for 7:00am the next day, August 29, 2015. *Id.*; (ECF No. 14-1, at 3). He notified staff at FCC Yazoo shortly after 9:00am on August 28th that he had missed his bus, but made no further contact with FCC Yazoo or FCI Miami until he arrived at FCC Yazoo at 2:06pm on August 29, 2015. (ECF No. 14-1, at 3-4). Braithwaite was entirely unaccounted for from approximately 9:00am August 28th to 2:06pm August 29th. *Id.* He admitted at hearing before the disciplinary hearing officer (DHO) that he left the bus station, stating that he did so in order to get something to eat because the food was too expensive in the bus station. *Id.* at 4.

On August 31, 2015, Braithwaite received an incident report charging him with violating Federal Bureau of Prisons Disciplinary Code 102, "Escape from any Secure or Non-Secure Institution" (Code 102), and Federal Bureau of Prisons

Disciplinary Code 308, "Violating a Condition of Furlough" (Code 308). (ECF No. 14-7). The next day, he was given notice of the disciplinary hearing before the DHO and of his rights. (ECF No. 14-8). On September 28, 2015, the DHO held a disciplinary hearing on Braithwaite's charges and found that he had violated Code 102; however, the Code 308 charge was dropped because the Code 102 violation was more severe. (ECF No. 14-1). Braithwaite was sanctioned with a loss of forty-one (41) days' good-conduct time and three-month restrictions on phone and commissary privileges. *Id.* Braithwaite received the DHO's decision on October 23, 2015. *Id.* at 6.

After exhausting administrative remedies, Mr. Braithwaite filed the instant Petition for Writ of Habeas Corpus with this Court on March 17, 2016.

## II. DISCUSSION

A petitioner may attack the manner in which his sentence is being executed in the district court that has jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). Because Braithwaite is in custody and challenging the length of his detention through the loss of good-conduct credits, this Court has jurisdiction over his § 2241 petition. Furthermore, venue is proper because he is incarcerated at FCC Yazoo, which is within the Southern District of Mississippi.

Petitioner Braithwaite makes several arguments challenging the DHO's findings and the sanction imposed. First, he asserts that the sanction he received cannot be imposed without "consideration of the whole record" and must be

supported by "reliable, probative, and substantial evidence." (ECF No. 1, at 10). He maintains that "[t]here is no evidence to support on [sic] escape," and that the Code 308 violation was dismissed, "thus voiding claims of the furlough contract being breached, therefore taking away the validity of the incident report." *Id.* Second, he argues that the incident report is inconsistent (and perhaps unreliable) because it states that he arrived at FCC Yazoo on August 30, 2015, when in fact he arrived on August 29, 2015. *Id.*

Respondent answers that the DHO received all evidence that Petitioner presented at the hearing and considered Petitioner's testimony as well as all documentary evidence in reaching his findings. (ECF No. 14, at 7). Further, says Respondent, "[t]he DHO's dismissal of the Code 308 charge provides no basis to question the sufficiency of evidence for the Code 102 violation." *Id.* Respondent also argues that Petitioner's assertion regarding inconsistencies in the incident report are factually incorrect. *Id.* at 8.

A. <u>Legal Standard</u>

When a prisoner has a protected liberty interest in accumulated good-conduct credits, the revocation of those credits must comply only with minimal procedural requirements. *Pruitt v. Martin*, 582 F. App'x 319, 320 (5th Cir. 2014) (citing *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000)). This is because "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* (quoting *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)). Constitutional due process entitles a

prisoner to (1) written notice of the charges at least twenty-four (24) hours in advance of the hearing, (2) an opportunity to call witnesses and present evidence in his defense "when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals," (3) the aid of a fellow inmate or staff member in presenting a defense if the inmate is illiterate or the issues are complex, (4) an impartial tribunal, and (5) a written statement by the factfinders as to the evidence relied upon and the reasons for the disciplinary action. *Wolff*, 418 U.S. at 564-71.

Further, due process "demands only that there be 'some evidence' to support a disciplinary officer's decision." *Richards v. Dretke*, 394 F.3d 291, 294 (5th Cir. 2004) (citing *Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 455 (1985)). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent*, 472 U.S. at 455-56 (citations omitted).

B. Analysis

Respondent concedes that Braithwaite has a protected liberty interest in his accumulated good-conduct credit. (ECF No. 14, at 4). Thus, Braithwaite was entitled to a disciplinary hearing procedure that comported with due process.

Braithwaite only argues that his sanction was imposed without sufficient evidentiary support; he does not argue that his hearing was procedurally defective.[3]

It is clear from the record that – at the very least – some evidence in the record supports the DHO's determination that Braithwaite's conduct violated Code 102. The DHO's opinion specifically outlines the evidence considered and relied upon in arriving at this conclusion: the written statement of the reporting staff member who contacted the Mobile, AL bus station in an attempt to reach Brathwaite after Braithwaite missed his bus; Braithwaite's furlough application, which detailed the terms and conditions of his transfer; Braithwaite's "Greyhound Ticket Purchase Confirmation," which detailed his travel itinerary; Braithwaite's testimony at the hearing; and the statement of a correctional officer who appeared as Braithwaite's witness. (ECF No. 14-1, at 3-4).

The furlough application clearly explained that failure "to remain within the extended limits of this confinement … shall be deemed as escape from the custody of the Attorney General." (ECF No. 14-5, at 2). In his statement before the DHO, he denied having violated Code 102, but he also admitted that he did, in fact, leave the bus station. (ECF No. 14-1, at 4). Because Braithwaite was not permitted to leave the bus station, this admission is sufficient evidence in and of itself to support the DHO's conclusion that Braithwaite was guilty of escape. However, the DHO also

---

[3] The Court notes, though, that (1) Braithwaite was provided with sufficient advance notice of the hearing, (2) he called a witness, (3) he was provided the aid of a correctional officer, (4) the DHO appears to have been an impartial individual, and (5) the DHO rendered a written opinion stating the reasons for the decision and the evidence relied upon.

noted his failure to contact FCI Miami – as directed by FCC Yazoo staff – after missing his bus in Mobile, the lack of response when he was paged at the Mobile bus station by Greyhound staff, the fact that Mobile is his home of record, and the fact that his own witness' testimony could confirm only that Braithwaite was at the Mobile bus station at the time the witness spoke with him over the phone. *See id.* at 4-5.

Braithwaite's remaining arguments are similarly without merit. Any inconsistency in the dates listed in the incident report and DHO opinion (whether he arrived at FCI Yazoo on August 29, 2015 or August 30, 2015) can be attributed to clerical or typographical error and in no way undermines the reliability of those documents. *See id.* at 3-4; (ECF No. 14-7, at 2). Furthermore, the dismissal of the Code 308 violation in no way undermines the enforcement of the Code 102 violation. The DHO "has the authority to dismiss any charge" and ultimately chose to charge Braithwaite with only the more serious of the two offenses. *Sanders v. Zickefoose*, No. 13-CV-1595, 2015 WL 4729831, at *7 (M.D. Pa. Aug. 10, 2015) (citing 28 C.F.R. § 541.8). Accordingly, the DHO's findings within the written report, which resulted in Braithwaite's loss of good-conduct credits, are supported by sufficient evidence, and Braithwaite's Petition for habeas corpus relief should therefore be denied.

Finally, Braithwaite's Motion for Evidentiary Hearing (ECF No. 16) should be denied as moot because his Petition may be ruled upon without the need for an evidentiary hearing.

## III. RECOMMENDATION

Based on the foregoing reasons, the undersigned recommends that the Motion for Evidentiary Hearing (ECF No. 16) be DENIED and the Petition (ECF No. 1) be DISMISSED because Mr. Braithwaite's disciplinary hearing comported with the requirements of due process and the disciplinary hearing officer's decision was supported by sufficient evidence.

## IV. NOTICE OF RIGHT TO OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

**SIGNED,** this the 1st day of December, 2016.

*s/ John C. Gargiulo*

JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE