IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DOUGLAS WADE BRAITHWAITE**                              **PETITIONER**

**v.**                                              **CIVIL NO. 3:16cv196-HSO-JCG**

**B.E. BLACKMON**                                                  **RESPONDENT**

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION [18], DENYING PETITIONER'S
MOTION FOR EVIDENTIARY HEARING [16], AND
DISMISSING PETITIONER'S CLAIMS WITH PREJUDICE**

This matter comes before the Court on the Report and Recommendation [18] of United States Magistrate Judge John C. Gargiulo, entered on December 1, 2016. Also before the Court is Petitioner's Motion for Evidentiary Hearing [16]. After consideration of the proposed findings of fact and conclusions of law set forth in the Report and Recommendation, the record in this case, and relevant legal authority, the Court finds that the Report and Recommendation should be adopted as the findings of this Court, Petitioner's Motion for an Evidentiary Hearing should be denied, and Petitioner's Habeas Petition should be dismissed with prejudice.

On March 17, 2016, Petitioner filed his Habeas Petition seeking the "return of good time 41 days and the removal of this Incident from my record," Petition [1] at 8, because of "the lack of proof of my escape," *id*. at 2. Respondent's Response in Opposition [14] was filed on July 18, 2016, asserting that the disciplinary hearing officer's determination that the good time credit should be disallowed was supported

by some evidence because Petitioner "escaped" while in transit from the Federal Correctional Institution (FCI) Miami, Florida, to the FCC Yazoo City, Mississippi, when he departed the Greyhound bus station in Mobile, Alabama, Resp. in Opp'n [14] at 2-8, and was unaccounted for until the next day when he arrived at FCC Yazoo City in a taxi, *id.* at 2-3; Pet. [1] at 10.

The Magistrate Judge found that Petitioner's Petition should be dismissed because the "disciplinary hearing comported with the requirements of due process and the disciplinary hearing officer's decision was supported by sufficient evidence." R. & R. [18] at 9.  A copy of the Report and Recommendation was mailed to Petitioner at his last known address by certified mail, return receipt requested.  On December 6, 2016, the Clerk docketed the Acknowledgment of Receipt [19] indicating that Petitioner received the Report and Recommendation on December 5, 2016.  To date, no objection to the Report and Recommendation has been filed by Petitioner.[1]

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review of it.  28 U.S.C. § 636(b)(1) ("a judge of the court shall make a *de novo* determination of those portions

---

[1] On December 23, 3016, the envelope [20] containing the Report and Recommendation was returned to the Clerk's Office with the notation "RETURN TO SENDER, NOT ABLE TO DELIVER AS ADDRESSED, UNABLE TO FORWARD."

of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's Report and Recommendation thoroughly considered all issues, and is neither clearly erroneous, nor contrary to law. It is clear from the record that Petitioner's "disciplinary hearing comported with the requirements of due process and the disciplinary hearing officer's decision was supported by sufficient evidence." R. & R. [18] at 9. Even if this Court were to conduct a *de novo* review, based upon the pleadings and the record as a whole, the Court finds Petitioner's claims should be denied for the same reasons set forth in the Report and Recommendation.

The Court further finds that all information relevant to Petitioner's claim was contained in the record and the pleadings, thus Petitioner's Motion for Evidentiary Hearing [16] should also be denied.

The Court, being fully advised in the premises, finds that the Magistrate Judge properly recommended that Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 be denied. Said Report and Recommendation should be adopted as the opinion of this Court. Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Magistrate Judge's Report and Recommendation [18], entered in this case on December 1, 2016, is adopted as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Douglas Wade Braithwaite's Motion for Evidentiary Hearing [16] is **DENIED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Petitioner Douglas Wade Braithwaite's Petition for Writ of Habeas Corpus [1] filed March 17, 2016, is **DENIED**.  A separate judgment will be entered in accordance with this Order, as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED**, this the 28th day of December, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE